**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

LINDA ANN MENDENHALL,
　　　　　Appellant,

　　　　v.

DEPARTMENT OF THE ARMY,
　　　　　Agency.

DOCKET NUMBER
AT-3443-15-0502-I-3

DATE: September 30, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Linda Ann Mendenhall, Esquire, Redstone Arsenal, Alabama, pro se.

Kyle C. Barrentine, Esquire, and Toby V. Davis, Esquire, Redstone Arsenal, Alabama, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed her appeal as withdrawn. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2    On April 24, 2015, the appellant, a GS-14 Attorney Advisor, filed an appeal of the agency's "withdrawal of approval for attorney qualifications." *Mendenhall v. U.S. Department of the Army*, MSPB Docket No. AT-3443-15-0502-I-1, Initial Appeal File (IAF), Tab 1. While the appeal was pending, the appellant requested to stay the case for 60 days because of an upcoming surgery. IAF, Tab 4. The administrative judge dismissed the appeal without prejudice to refiling, instructing the appellant that she must refile the appeal no later than August 3, 2015. IAF, Tab 5. On July 24, 2015, the appellant refiled her appeal and requested that the appeal be dismissed without prejudice to refiling for a minimum of 8 additional weeks. *Mendenhall v. U.S. Department of the Army*, MSPB Docket No. AT-3443-15-0502-I-2, Appeal File (I-2 AF), Tab 1. The administrative judge granted the appellant's request and dismissed the appeal without prejudice to refiling by October 30, 2015. I-2 AF, Tab 7. On January 26, 2016, the appellant refiled the appeal, asserting that she had attempted to refile the appeal through the Board's electronic filing system in October 2015 and later submitted copies of appeal forms showing that she had filed appeals on October 28, 2015. *Mendenhall v. U.S. Department of the Army*, MSPB Docket No. AT-3443-15-0502-I-3, Appeal File (I‑3 AF), Tab 1 at 3, Tab 3 at 4‑9. The agency moved to dismiss the appeal as untimely refiled by 3 months, explaining that, although the appellant had refiled appeals in her other Board cases on October 28, 2015, those filings did not identify the present case and the appellant failed to serve any document concerning the present case on the agency until January 26, 2016. I‑3 AF, Tab 2.

¶3    On March 23, 2016, the parties jointly filed a negotiated settlement agreement resolving the appellant's outstanding cases. I-3 AF, Tab 4. In an initial decision dated April 26, 2016, the administrative judge indicated that the parties had requested that the appeal be dismissed in accordance with the terms of

the settlement agreement and that they understood that the agreement would not be entered into the Board's record in this case because of the unresolved issue of the Board's jurisdiction. I-3 AF, Tab 5, Initial Decision (ID). Pursuant to the parties' request, the administrative judge dismissed the appeal as withdrawn in accordance with the terms of the settlement agreement. ID at 2. The initial decision informed the parties that the decision would become final on May 31, 2016, unless a petition for review was filed before that date. *Id*.

¶4    On June 27, 2016, the Board received the appellant's petition for review. Petition for Review (PFR) File, Tab 1. On June 29, 2016, the Clerk of the Board informed the appellant that her petition for review was untimely filed because it was not filed on or before May 31, 2016, and notified her of her opportunity to file a motion, signed under penalty of perjury, or an affidavit showing either that the petition was timely filed or that good cause existed to waive the filing deadline. PFR File, Tab 2 at 1. On July 12, 2016, the appellant filed a motion asking the Board to accept her petition for review as timely filed or to waive the filing deadline for good cause shown. PFR File, Tab 3.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶5    A petition for review must be filed within 35 days after the date of issuance of the initial decision or, if the petitioner shows that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date the petitioner received the initial decision. 5 C.F.R. § 1201.114(e). Here, the appellant concedes that she received the April 26, 2016 initial decision on April 30, 2016. PFR File, Tab 3 at 18. Because she received the initial decision within 5 days of issuance, the petition for review needed to be filed within 35 days of issuance. 5 C.F.R. § 1201.114(e). Thus, her petition for review must have been filed no later than May 31, 2016, the 35th day following the issuance of the initial decision. 5 C.F.R. § 1201.114(e). However, she filed it on June 27, 2016—nearly 1 month past the filing deadline. PFR File, Tab 1.

¶6  In response to the Clerk's order on timeliness, the appellant asserts, among other things, that she filed a timely petition for review with the regional office on May 23, 2016. PFR File, Tab 3 at 4. Although the Board will accept an otherwise timely appeal filed with the wrong Board office as timely filed, *Branch v. Department of the Army*, 110 M.S.P.R. 663, ¶ 6 (2009), the appellant here has provided no evidence in support of her claim that she misdirected a timely petition for review to a regional office. PFR File, Tabs 1, 3. Absent any evidence showing that the appellant submitted a timely petition for review to a Board office, or any evidence showing that a Board office received such a filing, we must dismiss her petition for review as untimely filed unless she can show good cause for her untimely filing.

¶7  The Board will waive the time limit for filing a petition for review only on a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To establish good cause for an untimely filing, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Gaetos v. Department of Veterans Affairs*, 121 M.S.P.R. 201, ¶ 5 (2014); *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to her inability to timely file her petition for review. *Gaetos*, 121 M.S.P.R. 201, ¶ 5; *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62‑63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶8  As noted above, the appellant's petition for review is untimely filed by approximately 1 month. Such a delay is significant. *See Terrell v. U.S. Postal*

*Service*, [114 M.S.P.R. 38](#), ¶ 9 (2010) (finding that a 42‑day delay is significant); *Summers v. U.S. Postal Service*, [87 M.S.P.R. 403](#), ¶¶ 6, 12 (2000) (finding that a delay of nearly 1 month and a delay of 15 days are significant), *aff'd*, 25 F. App'x 827 (Fed. Cir. 2001). Further, although the appellant is pro se, she is an attorney who should have recognized the importance of filing deadlines. Thus, these factors weigh against a finding of good cause.

¶9 The appellant argues, however, that good cause exists to waive the time limit for filing her petition for review because: she recently learned that her union representative is not a licensed attorney in the state of Alabama; she would not have relied on her union representative's advice if she had known that she was not an attorney; the union representative breached her ethical responsibility to the appellant by failing to advise her that she was not an attorney; and her union representative gave her "improper advice" regarding jurisdiction, mishandled the appeals, was unprepared for mediation, and failed to communicate case details to her. PFR File, Tab 3 at 4-6, 8, 10. Although the appellant is dissatisfied with the actions of her former union representative, her complaints do not establish good cause for her untimely filing because an appellant is responsible for the errors of her chosen representative. *Sofio v. Internal Revenue Service*, [7 M.S.P.R. 667](#), 670 (1981). Thus, even if the filing delay is somehow attributable to the union representative's errors or omissions, this does not establish good cause for the untimely filing. Furthermore, we fail to see, and the appellant has not explained, how the union representative's status as a nonattorney representative, or an attorney licensed in a state other than Alabama, affected the appellant's ability to file a timely petition for review.

¶10 The appellant also asserts that she was unable to timely file the petition for review because of health issues. PFR File, Tab 3 at 11‑12. The Board will find good cause for an untimely filing when a party demonstrates that she was unable to timely file her petition due to illness, or mental or physical incapacity. *Holley*

*v. U.S. Postal Service*, [97 M.S.P.R. 20](#), ¶ 8 (2004). To establish that the untimely filing was the result of a medical condition, an appellant must identify the time period during which she was incapacitated, submit medical evidence showing that she suffered from the alleged medical condition during the time period, and explain how the medical condition prevented her from timely filing her petition or a request for extension of time. *Id.* Here, although the appellant was notified of the requirements for showing that her untimely filing was the result of a medical condition, PFR File, Tab 2 at 7 n.1, the only evidence she has provided is a June 6, 2016 notice from the insurance company stating that a medical procedure has been approved for coverage, PFR File, Tab 3 at 37-38. This notice is entirely insufficient to show that the appellant suffered from a medical condition during the relevant time period and that such medical condition prevented her from timely filing her petition or a request for an extension. As such, the appellant's alleged medical impairment does not establish good cause for her untimely filed petition for review.

¶11     The appellant also appears to contend on review that she was confused as to the status of her case. *Id*. at 4. Specifically, she states that she did not request an extension to file the petition for review because she "believed the case was still before [the administrative judge] as [she] properly filed an independent right of appeal to her … which was never dismissed" and because "the Respondent never opposed [the administrative judge] having jurisdiction." *Id.* An appellant's confusion and lack of sophistication, which contribute to a late filing, may be taken into account when determining whether good cause for a late filing exists. *Forst v. Office of Personnel Management*, [97 M.S.P.R. 142](#), ¶ 7 (2004). An appellant must show, however, that such confusion is related to a specific ambiguity in either the instructions he received or in a Board procedure. *Id*. Here, the appellant has not identified a specific ambiguity in the initial decision or in any other instructions she received warranting her mistaken beliefs. PFR

File, Tabs 1, 3. The initial decision clearly stated that the appeal was being dismissed as withdrawn and provided the exact date by which a petition for review must be filed. ID at 1-2. Thus, the appellant's alleged confusion does not contribute to a finding of good cause for her untimely petition for review.

¶12 The appellant's remaining allegations regarding alleged conflicts of interest, the unresponsiveness of various Government officials to whom she has reported conflicts of interest and other issues, outstanding Freedom of Information Act requests, and her challenges to the settlement agreement and the underlying agency actions also do not establish good cause for her filing delay. PFR File, Tab 3 at 3-11. None of these allegations, even if true, show the existence of circumstances beyond the appellant's control that affected her ability to comply with the filing deadline or that she exercised due diligence under the circumstances. *See Gaetos*, 121 M.S.P.R. 201, ¶ 5.

¶13 Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the dismissal of the appeal as withdrawn.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed

interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:       _____

                                          Jennifer Everling
                                          Acting Clerk of the Board

Washington, D.C.